Nikolaus W. Reed, Esq. (SBN 259951)
Law Office of Nikolaus W. Reed
135 10th Street
San Francisco, CA 94103
Tel: 415/940-7766
Fax: 415/940-7706
Email: Nik@nwrlaw.com

Attorney for Plaintiff/Creditor, ABDUL HABIB OLOMI

United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re | Bk. No. 8:15-bk-14015-MW |
| Ahmad J. Tukhi<br>(Debtor) | Chapter 7 |
| ——————— | Adv. No: 8:15-ap-01449-MW |
| Abdul Habib Olomi<br>(Plaintiff/Creditor) | **PLAINTIFF ABDUL HABIB OLOMI'S<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF** |
| v. | **MOTION FOR RECONSIDERATION<br>OF ORDER OF DISMISSAL** |
| Ahmad J. Tukhi<br>(Defendant) | DATE:     November 9, 2016<br>TIME:     9:00 a.m.<br>PLACE:  Santa Ana Division, Courtroom 6C<br>411 W. Fourth Street,<br>Santa Ana, CA 92701 |

## I.    FACTUAL BACKGROUND

Plaintiff's counsel is a personal injury attorney based out of San Francisco, who represents plaintiff in his personal injury lawsuit venued in Superior Court against defendant Ahmad Jawad Tukhi.  The basis of the personal injury lawsuit is a motor vehicle collision, wherein plaintiff alleges that defendant intentionally drove his motor vehicle into plaintiff's person resulting in personal injuries.  If defendant's potential debt related to the personal injury

1   matter is discharged in bankruptcy court, plaintiff will be deprived of his day in court to have a

2   trial on the merits.

3       On March 7, 2016, a Scheduling Order was filed listing eight specific orders for the

4   parties to follow.  Specifically, this Scheduling Order mandated the parties to file a joint status

5   report at least fourteen days before the status conference to be prepared on Local Form No. F

6   7016-1. (Dec. of Reed, Exhibit A).  The March 7, 2016 Scheduling Order did not provide a

7   specific reference of the need for a joint pretrial stipulation to be filed, nor did it specifically

8   refer to Local Rule 7016-1(c). (*Id.*)

9       In July 2016, plaintiff's counsel discussed and reviewed the Central District of California

10  Local Rules with his paralegal.  A Joint Pretrial Stipulation was prepared in July but the

11  paralegal saved it in a part of the file that counsel did not expect given normal office practices

12  and procedures.  When counsel went to file the required documents on September 13, 2016 the

13  paralegal was not in the office and counsel believed he had located all documents discussed,

14  prepared and required.  Counsel did not recall discussing from back in July a Joint Pretrial

15  Stipulation as opposed to a Joint Status Report. (Dec. of Reed, para. 17-19)

16      Plaintiff's counsel diligently followed the eight delineated orders contained within the

17  Scheduling Order.  On September 13, 2016, plaintiff's counsel took the lead and sent the joint

18  status report and his list of proposed exhibits and witnesses to defendant's counsel.  (Dec. of

19  Reed, Exhibit B)  Plaintiff's counsel received the joint status report from defendant's counsel,

20  and plaintiff's counsel timely filed the joint status report on the correct local form number F

21  7016-1.  This joint status report that was signed and dated by both parties' counsel, indicated that

22  the parties were ready for trial, discovery was complete, the estimated time of the trial would

23  take between two to three hours in its entirety, five to six witnesses would be called, a limited

24  number of exhibits would be presented, and that plaintiff was not requesting a pretrial

-2-

1 | conference. (Dec. of Reed, Exhibit C) On September 13, 2016, Plaintiff's counsel also

2 | confirmed on PACER under docket deadlines that there were no upcoming filing dates posted

3 | that needed attention. (Dec. of Reed, para. 8)

4 |    On September 28, 2016, a pretrial conference came on calendar, wherein counsel for both

5 | parties were present in person. Plaintiff's counsel awoke at 4:00 a.m. that day and flew to Santa

6 | Ana for the 9:00 a.m. conference. (Dec. of Reed, para. 9) Plaintiff's counsel was prepared to set

7 | a trial date and respond to any other questions regarding pretrial logistics. (Dec. of Reed, para.

8 | 9) However, due to plaintiff's counsel failing to file a joint pretrial stipulation, the case was

9 | dismissed and no pretrial conference concerning the merits of the case was conducted.

10 | **II.    ARGUMENT**

11 |    Federal Bankruptcy Procedure Rule 9024 states that Federal Rule of Civil Procedure

12 | 60(b) authorizes the Court to relieve a party or its legal representative from a final judgment,

13 | order or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect or (6) any other

14 | reason that justifies relief. Federal Rule of Civil Procedure 60(c) requires that a motion made

15 | under Federal Rule of Civil Procedure 60(b) be made within a reasonable time.

16 |    The Supreme Court held in *Pioneer*, that "excusable neglect" covers "situations in which

17 | the failure to comply with a filing deadline is attributable to negligence," and covers negligence

18 | on the part of counsel. (*Pioneer Investment Services Co., v. Brunswick Assocs. Ltd. Partnership*,

19 | 507 U.S. 380, 395; *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1222 (2000).) The U.S.

20 | Court of Appeals for the Ninth Circuit in *Briones* and *Bateman* adopted the *Pioneer* Court's

21 | equitable test for Federal Rule of Civil Procedure 60(b)(1) cases to determine whether an

22 | attorney's neglect is excusable by analyzing at least four factors: (1) the danger of prejudice to

23 | the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the

24 |

**MPA IN SUPPORT OF MOTION FOR RECONSIDERATION**

1  reason for the delay; and (4) whether the movant acted in good faith. (*Id.*; *Briones v Riviera*

2  *Hotel & Casino*, 116 F.3d 379, 381 (1997).)

3  ### a. Plaintiff's Counsel's Staff Prepared a Draft Joint Pretrial Stipulation.

4  In July 2016, plaintiff's counsel discussed and reviewed the Central District of California

5  Local Rules with his paralegal.  A Joint Pretrial Stipulation was prepared in July but the

6  paralegal saved it in a part of the file that counsel did not expect given normal office practices

7  and procedures.  When counsel went to file the required documents on September 13, 2016 the

8  paralegal was not in the office and counsel believed he had located all documents discussed,

9  prepared and required.  Counsel did not recall discussing from back in July a Joint Pretrial

10  Stipulation as opposed to a Joint Status Report. (Dec. of Reed, para. 17-19) Plaintiff's counsel

11  made a good faith attempt to ensure compliance with the Local Bankruptcy Rules well in

12  advance of the September due date and due to a series of unfortunate events, was unable to

13  timely file the draft pretrial stipulation his office had prepared in July 2016.

14  ### b. Plaintiff's counsel made diligent efforts to comply with the Court's orders and local rules.

15
16  Although plaintiff's counsel did not file a joint pretrial stipulation, plaintiff's counsel

16  timely complied with all other requirements related to this case.  Namely, plaintiff's counsel

17  timely prepared and filed a joint status report on the Court's local form number 7016-1.

18  Plaintiff's counsel had not missed a prior deadline for this case nor failed to appear at any

19  scheduled matters.  Plaintiff's counsel was not previously sanctioned in this matter.  Plaintiff's

20  counsel was in part not aware at the time it was due that a joint pretrial stipulation was needed

21  since it was not specified by name in the Scheduling Order.  Rather, only the joint status report

22  was specified by name with a reference to the Local Bankruptcy Form to use.  Counsel presumed

23  that a specific reference to all key filings was placed in the Scheduling Order when doing the

24  final review before filing the joint status report.

- 4 -

1       Plaintiff's counsel methodically went through the Scheduling Order line by line to ensure

2 compliance, but unfortunately failed to become aware in September at the time of filing that a

3 joint pretrial stipulation pursuant to Local Bankruptcy Rule 7016-1(b) was a separate

4 requirement from a joint status report pursuant to Local Bankruptcy Rule 7016-1(a).   (Dec. of

5 Reed, para. 10)

6       Additionally, there was no mention of the need to file a joint pretrial stipulation on

7 PACER.  Based on plaintiff's counsel's experience with PACER in federal court, upcoming

8 deadlines are posted on this site and there was nothing on PACER to alert counsel of the need to

9 file a joint pretrial stipulation. (Dec. of Reed, para. 11)

10       In *Jolin v. Casto*, the Court held that plaintiff's counsel's misreading of a notice sent

11 pursuant to a local rule was an honest mistake, so as to justify relief from the order dismissing

12 plaintiff's negligence action; counsel was not aware a violation of the scheduling order and

13 counsel's mistake was not knowing, willful, or done with the intent to delay.   (*Jolin v. Casto*, D.

14 Conn. 2006, 238 F.R.D. 48.)  The *Jolin* Court also held that all doubts are to be resolved in favor

15 of adjudication on the merits when interpreting Federal Rule of Civil Procedure 60(b). (*Id.*)

16 Here, plaintiff's counsel committed an honest mistake, was not aware of a violation of the March

17 7, 2016 Scheduling Order, and believed that he was timely complying with all pretrial rules.  As

18 such, plaintiff's conduct was not knowing, willful, or done with the intent to delay.  This

19 adversary proceeding is the first time plaintiff's counsel has appeared in the Central District of

20 California's Santa Ana Division and requests leniency from the Court for his excusable

21 oversight. (Dec. of Reed, para. 12)

22

23

24

**MPA IN SUPPORT OF MOTION FOR RECONSIDERATION**

1

 **c.  The Joint Status Report and the Joint Pretrial Stipulation Provide
Substantially Similar Information and Plaintiff's Counsel Provided This
Information to Defendant's Counsel on September 13, 2016.**

2

3      Counsel timely prepared and filed a joint status report that provides the Court with an

4  overview of substantially similar information as to what a joint pretrial stipulation provides.

5  Discovery is complete, the parties are ready for trial, the estimated length of trial is only two to

6  three hours, plaintiff intends to introduce three exhibits, and five to six witnesses that are

7  expected to testify.  The facts in this case that are in dispute are whether or not an intentional act

8  was committed by defendant.

9      On September 13, 2016, the same day plaintiff's counsel filed the joint status report,

10  plaintiff's counsel emailed defendant's counsel a list of plaintiff's proposed witnesses and

11  exhibits for trial.  (Dec. of . Reed, para. 6, Exhibit B)   While this information was not lodged

12  with the Court in a formal joint pretrial stipulation document, this information, which is a major

13  component of the joint pretrial stipulation, was timely provided to defendant's counsel.

14      Plaintiff's counsel has prepared a proposed joint pretrial stipulation that he intends to

15  amend and serve on defendant's counsel after conferring if the dismissal in this matter is set

16  aside. (Dec. of Reed, Exhibit D)

17      **d.  There Is No Prejudice to the Defendant if the Dismissal Is Set Aside.**

18      The defendant will not be prejudiced if the order dismissing the matter is set aside.  The

19  *Bateman* Court held that the defendant's loss of a quick victory in having the motion for

20  summary judgment be heard on the merits and then ultimately reschedule the trial date if it was

21  not successful, was insufficient prejudice to deny relief under Rule 60(b)(1).  (*Bateman v. U.S.*

22  *Postal Service,* 231 F.3d 1220, 1225 (2000).)  The facts of this adversary proceeding are very

23  basic, the parties have completed discovery, and the two to three hour trial will not be complex.

24  Plaintiff's counsel is ready for a trial in early November 2016, as listed in the joint status report,

-6-

1    and it is defendant's counsel who is requesting more time due to his trial calendar.  (Dec. of

2    Reed, para. 15)

3         Plaintiff's counsel has diligently filed this Motion within days of the Order dismissing the

4    case so the length of the delay, and its potential impact on the judicial proceedings, is minimal.

5    In *Bateman*, the Court held that a little more than one month delay in filing the Rule 60(b)(1)

6    motion after the Court denied to rescind the judgment, was not long enough to justify denying

7    relief and referred to the fact that discovery had closed and there was no evidence that the trial

8    would have been postponed for an inordinate amount of time. (*Id.*)  Any resulting delay from

9    setting aside this dismissal is minimal, will not disadvantage the defendant, and there will be no

10   loss in evidence.

11            **e.  Defendant Failed to Follow the Local Rules and Should Not Be Provided a
             Windfall.**

12

13        The defendant did not follow the Local Bankruptcy Rules pertaining to a joint pretrial

14   stipulation and should not be rewarded with a windfall of having his personal injury debt be

15   dismissed that may be the result of an intentional act.  Pursuant to Local Bankruptcy Rule 7016-

16   1(e)(2), any party who does not receive plaintiff's proposed pretrial stipulation, must prepare, file

17   and serve at least 14 days prior to the pretrial conference, a declaration attesting to plaintiff's

18   failure to prepare and serve a proposed pretrial stipulation in a timely manner.  Defendant did not

19   file or serve such a declaration prior to the pretrial conference.  Given that both parties did not

20   comply with the exact requirements set forth in Local Bankruptcy Rule 7016-1, it is not just to

21   impose the most severe sanction of dismissal on plaintiff, while granting no sanctions on

22   defendant and allowing the defendant to receive a windfall of dismissing the adversary

23   proceeding, and ultimately the personal injury lawsuit, before it could be heard on the merits.

24

**MPA IN SUPPORT OF MOTION FOR RECONSIDERATION**

**f.    The Court Has a Variety of Sanctions to Select Short of Dismissal.**

Pursuant to Local Bankruptcy Rule 7016-1, if a pretrial stipulation is not filed, the Court may order: (1) a continuance of the trial date; (2) entry of a pretrial order based on the conforming party's proposed description of the facts and law; (3) an award of monetary sanctions including attorney's fees against the party at fault and/or counsel, payable to the party not at fault; and/or (4) a judgment of dismissal.  The Court has three other sanctions to impose on plaintiff short of dismissing the case.

In exercising its discretion to relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect, Courts should balance the policy in favor of serving the ends of justice against the policy in favor of finality. (*Mazzone v. Stamler*, S.D.N.Y.1994, 157 F.R.D. 212; 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2857 (1973 & Supp.1993).)  Justice also demands that a blameless party not be disadvantaged by errors or neglect of his attorney which cause final, involuntary termination of proceedings.  (*U.S. v. Moradi*, C.A. 4 (Md.) 1982, 673 F.2d 725.)

Dismissing the case for a procedural error in failing to file a joint pretrial stipulation is drastic, is extremely prejudicial to plaintiff, and does not achieve substantial justice for the parties.  All that is left in this case is for a two to three hour trial to take place and then there will be finality in this matter on the merits.  A continued pretrial conference can be set allowing both parties to then fully comply with all Local Bankruptcy Rules and requiring the parties to appear in person at a second pretrial conference date.  Since plaintiff's counsel is based in San Francisco, the effect of ordering a second pretrial conference date would serve as a sanction of both time and money requiring him to travel again to Santa Ana.

Alternatively, a monetary sanction can be imposed on plaintiff's counsel achieving the result of significantly punishing counsel for his failure to file a joint pretrial stipulation, while

- 8 -

1   still allowing the plaintiff to have his case be heard on the merits.  While the Court expressed

2   concern in the dismissal order over a monetary sanction, this has been deemed an appropriate

3   sanction allowed for in Local Bankruptcy Rule 7016-1(f)(2).  Plaintiff's counsel has not failed to

4   comply with any prior orders or other Local Bankruptcy Rules in this case so there is no

5   indication that this one failure to file a joint pretrial stipulation was intentional or otherwise the

6   result of a non-diligent counsel.

7        Although the *Bateman* Court found that the reason for the attorney's delay was weak in

8   not timely responding to a motion for summary judgment, in ultimately finding that the equities

9   in the case weighed in favor of the plaintiff filing the Rule 60(b)(1) motion, the Court held that

10   there was no evidence that the plaintiff acted with anything less than good faith and that his

11   errors, "resulted from negligence and carelessness, not from deviousness or willfulness."

12   (*Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1225 (2000).)  Here, plaintiff's counsel acted in

13   good faith and did not willfully or deliberately disregard the Court's Order as evidenced by the

14   timely filing of the similarly named and numbered joint status report, by personally appearing at

15   the pretrial conference, and based on his review and discussion with his paralegal of the Local

16   Bankruptcy Rules and preparation of the joint stipulation to ensure compliance almost two

17   months prior to the deadline.

18        **g.   The Dismissal Substantially Prejudices Plaintiff.**

19        As mentioned above, the trial for this adversary proceeding has been stipulated to last for

20   only two to three hours.  Plaintiff is not intending to consume an inordinate amount of the

21   Court's time to have his matter be heard on the merits.  Plaintiff is requesting to have an

22   opportunity to at least present its facts before the matter is discharged in bankruptcy court, which

23   if discharged, would leave his Superior Court personal injury lawsuit without recourse and

24   essentially be dismissed as well.  While procedural errors are important and must be complied

- 9 -

1  with, it is not just to deny plaintiff his day in court while allowing the defendant to skirt his

2  potential liabilities caused by an alleged intentional act.

3  **III.    Specific Relief Requested and Conclusion**

4    In addition to filing this Motion for Reconsideration, Plaintiff's counsel has also filed a

5  Notice of Appeal of the September 30, 2016 Order Pursuant to Pretrial Conference Dismissing

6  Case.  Plaintiff requests that while the Motion for Reconsideration and Appeal are pending, that

7  defendant Tukhi's debt related to the personal injury lawsuit not be discharged.

8    Plaintiff's counsel respectfully requests that the Court reconsider its September 30, 2016

9  decision, set aside the order dismissing the case thereby allowing the parties to have their two to

10  three hour trial to present their case on the merits, and, if so inclined, impose a sanction on

11  Plaintiff's counsel short of dismissal given the good faith efforts plaintiff's counsel made.

12    Plaintiff's counsel also requests the opportunity to present the Court with an oral

13  argument.

14

15  Dated: _____10-3-16_____

            _____

16              NIKOLAUS W. REED, ESQ.
            Counsel for Plaintiff Abdul Habib Olomi

17

18

19

20

21

22

23

24

- 10 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

135 10th Street
San Francisco, CA 94103

A true and correct copy of the foregoing document entitled (*specify*): 1. PLAINTIFF ABDUL HABIB OLOMI'S NOTICE OF
MOTION AND MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL; 2; PLAINTIFF ABDUL HABIB OLOMI'S
MEMORANDUM IN SUPPORT OF MOTION; 3. DECLARATION OF REED IN SUPPORT OF MOTION
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
10-2-16, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H Casey (TR)
msilva@tomcaseylaw.com, thc@trustesolutions.net

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 10-1-16, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

Phillip Michael Woog on behalf of Defendant Ahmad J Tuhki
Cooksey Toolen et al
535 Anton Blvd 10 Fl
Costa Mesa, CA 92626

Hon. Mark S. Wallace
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 W. Fourth Street, Mail Slot 6135
Santa Ana, CA 92701

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10-3-16 | Niklaus Reed | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.