# FOR PUBLICATION

FILED & ENTERED

NOV 10 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Ahmad J Tukhi<br><br>                    Debtor(s). | Case No.: 8:15-14015 -MW<br><br>Chapter: 7<br><br>Adv. No: 8:15-01449 |
| Abdul Habib Olomi<br><br>                    Plaintiff(s),<br><br>    v.<br><br>Ahmad J Tukhi<br><br>                    Defendant(s). | **MEMORANDUM DECISION AND ORDER**<br><br>Date:        November 9, 2016<br>Time:       9:00 a.m.<br>Place:      411 West Fourth Street<br>              Courtroom 6C<br>              Santa Ana, CA 92701 |

Nikolaus W. Reed, Esq., Law Office of Nikolaus W. Reed for the Plaintiff, Abdul Habib Olomi and Phil Woog, Esq. and Robert Matranga, Esq., Cooksey, Toolen, Gage, Duffy & Woog for the Debtor and Defendant Ahmad J Tukhi.

**WALLACE, J.**

    This matter comes before the Court on the motion of Abdul Olomi ("Plaintiff") for

reconsideration (the "Motion") of this Court's Order Pursuant to Pretrial Conference Dismissing Case filed and entered on September 30, 2016 (the "Dismissal Order") granting judgment of dismissal in favor of defendant-debtor Ahmad Tukhi ("Defendant") as a sanction for Plaintiff's total and complete failure to comply with the requirements of this Court's Local Bankruptcy Rules relating to pretrial conferences despite prior oral and written warnings by the Court that material failure to comply with such rules was most likely to result in dismissal of the case.

Plaintiff commenced this adversary proceeding by filing a complaint against Defendant on November 18, 2015. The complaint's gravamen is that the Court should except from discharge Plaintiff's claim against Defendant arising out of a motor vehicle collision on the ground that Plaintiff's injuries were the result of Defendant's allegedly willful and malicious conduct.

Defendant duly answered the complaint on December 7, 2015, and the Court held a status conference in the adversary proceeding on March 2, 2016. Appearances were made by Nikolaus W. Reed, Esq. on behalf of Plaintiff and Larry Fieselman, Esq. on Defendant's behalf. After discussing scheduling matters, the Court made the following statement to Messrs. Reed and Fieselman:

> THE COURT: And the Court wishes to advise the parties that the Court applies the Local Bankruptcy Rules relating to pretrial conferences very strictly. The Court views the pretrial conference as an indispensable part of the resolution of this matter and probably the second most important proceeding after the trial itself. And, for that reason, it's the Court's practice that if there is a material default by the plaintiff in compliance with the Local Bankruptcy Rules relating to pretrial conferences, the most likely outcome is that the Court will grant judgment of dismissal in favor of the defendant and, on the other hand, if there's a material default by the defendant, the Court's most likely outcome is that the Court would strike the answer and enter a default. These consequences are in the nature of terminating sanctions. The Court believes that those types of --- that that type of sanction is appropriate in connection with pretrial conferences because to allow a material breach of those

>rules and to simply impose a monetary sanctions it could be viewed as setting up a situation where there's simply a toll charge for violating the Local Bankruptcy Rules and I don't think that's appropriate. So the parties are on notice of the Court's intentions in this regard and the Court will certainly be looking to the parties to fully comply with those Local Bankruptcy Rules.

Reporter's Transcript of March 2, 2016 Hearing at page 4, lines 14-25 and page 5, lines 1-15.

Subsequently, the Court's Scheduling Order was filed and entered on March 7, 2016 and provided in relevant part as follows in boldfaced type:

>**The parties are placed on notice that it is the Court's policy to strictly enforce the Local Bankruptcy Rules relating to pre-trial conferences and this Court's procedures supplement to those rules, which are published on the court's website. Failure to comply with the provisions of this order may subject the responsible party to sanctions, including judgment of dismissal or the entry of a default and a striking of the answer.**

Despite these explicit oral and written warnings regarding the necessity of complying with the Local Bankruptcy Rules pertaining to pretrial conferences and the severe consequences of failing to do so, Plaintiff's counsel Nikolaus W. Reed did precisely what he was warned against doing, namely, he completely and totally failed to comply with the provisions of Local Bankruptcy Rule 7016-1 pertaining to pretrial conferences.

Local Bankruptcy Rule 7016-1(c) provides that it is the plaintiff's duty to prepare and file a proposed pretrial stipulation that is complete in all respects (except for other parties' lists of exhibits and witnesses) and to serve the proposed pretrial stipulation in such a manner that it will be actually received by opposing counsel at least seven days prior to the deadline for filing a joint proposed pretrial stipulation with the Court. The purpose of this rule is to allow the parties a reasonable amount of time to negotiate the terms of a joint proposed pretrial stipulation, which should not be too difficult because the applicable rules permit the parties to agree to disagree. Plaintiff's counsel Nikolaus W. Reed neither timely prepared a draft of a proposed pretrial stipulation nor served it

on opposing counsel. As of the time of the pretrial conference in this adversary proceeding on September 28, 2016, Plaintiff's counsel had completely and totally failed to comply with Local Bankruptcy Rule 7016-1(c). This is not a case where there was late compliance. Rather, it is a case where no proposed pretrial stipulation at all was served by Plaintiff's counsel on opposing counsel prior to the pretrial conference.

As a result of Plaintiff's counsel's failure to comply, it was impossible for the Court to conduct a proper pretrial conference, resulting in a complete waste of the Court's time. The Court then issued the Dismissal Order, which was filed and entered September 30, 2016. Plaintiff filed a notice of appeal of the Dismissal Order on October 3, 2016 and, on that same date, filed the Motion.

The Motion requests the Court to reconsider its decision, vacate the Dismissal Order and impose a sanction short of dismissal on the ground of Plaintiff's "good faith efforts." Plaintiff argues that a joint proposed pretrial stipulation was prepared in July 2016 "but the paralegal saved it in a part of the file that counsel did not expect given normal office practices." Plaintiff Abdul Habib Olomi's Memorandum of Points and Authorities In Support of Motion for Reconsideration of Order of Dismissal, Docket No.16, filed October 3, 2016 (the "Motion Memorandum") at page 2, lines 11-12. The paralegal was not in the office when the time came to file pleadings in connection with the pretrial conference, leading Plaintiff's counsel Nikolaus W. Reed to believe he had all the documents he needed. *Id.* at page 2, lines 12-14. He then prepared a status report – a document not required by the Local Bankruptcy Rules in connection with pretrial conferences – and sent it to opposing counsel.

The Motion is entitled "Motion For Reconsideration of Order of Dismissal" and was filed on October 3, 2016. A motion for reconsideration can be either a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) (made applicable by Federal Rule of Bankruptcy Procedure 9023) or a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60 (made applicable by Federal Rule of Bankruptcy Procedure 9024). Where a motion for reconsideration is

filed no later than 10 days (some authorities state 14 days) after entry of the adverse judgment or order and seeks to modify such judgment or order, the motion must be treated as a motion under Rule 59(e) rather than Rule 60. *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010); *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Stephens v. Smith (In re Gomez),* No. CC-12-1144-DHKi, 2012 Bankr. LEXIS 5562, at *10 (B.A.P. 9th Cir., Nov. 28, 2012). Because this Motion was filed on October 3, 2016, which is within both 10 and 14 days of the Dismissal Order's entry date of September 30, 2016, the Court will, therefore, treat the Motion as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9023. The Court also notes that it has jurisdiction to hear and determine the Motion in view of the fact that the filing of the Motion postpones the effective date of the notice of appeal of the Dismissal Order pursuant to the provisions of Federal Rule of Bankruptcy Procedure 8002(b)(2) until the entry of the order determining this Motion.

The grounds for altering or amending a judgment are (1) manifest error of law, (2) manifest error of fact, and (3) newly-discovered evidence. *Hansen v. Moore (In re Hansen)*, 368 B.R. 868 (B.A.P. 9th Cir. 2007). Additional grounds for relief are that the motion is necessary to prevent manifest injustice or that there has been an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Evidence available to a party prior to judgment is not "newly discovered." *In re Walker*, 332 B.R. 820 (Bankr. D. Nev. 2005). Consequently, the Motion's explanation as to how it came to be that Plaintiff totally failed to comply with Local Bankruptcy Rule 7016-1 – the fact that the paralegal put the proposed pretrial stipulation in the "wrong" part of the case file – does not constitute newly discovered evidence nor does evidence relating to Plaintiff's counsel Nikolaus W. Reed's preparation for the pretrial conference.

Likewise, there is no manifest error of fact here. The relevant facts remain now as they were at the time the Court entered the Dismissal Order, namely, that Plaintiff's counsel Nikolaus W. Reed had totally and completely failed to heed this Court's multiple warnings and to comply with Local Bankruptcy Rule 7016-1(c).

No party has cited the Court to intervening changes in the law that may affect this matter, nor is the Court aware of any such changes. Considerations of whether a manifest injustice has occurred are discussed below.

The Court will now consider whether it committed a manifest error of law by applying the terminating sanction of dismissal.

Dismissal is a harsh penalty to be imposed only in extreme circumstances. *Henderson v.* Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Generally speaking, dismissal is authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith or fault. *Allen v. Exxon Corp. (In re Exxon Valdez)*, 102 F.3d 429, 432 (9th Cir. 1996). Once a court finds that a plaintiff's failure is due to willfulness, bad faith or fault, the court must weigh and apply the so-called "*Malone* factors" to determine whether dismissal is an appropriate sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987); *Merrill v. Bessler (In re Bessler),* BAP No. NV-15-1427-LDoKi, (B.A.P. 9th Cir., Nov. 1, 2016) (unpublished but cited for its persuasive value). In applying these factors, the Court relies upon a recent decision of the United States District Court for the Central District of California, *Alonzo v. City of Los Angeles,* No. CV 14-05636-RGK (C.D. Cal., July 24, 2015).

First, the Court determines that Plaintiff's failure is due to fault – the fault of not having complied with Local Bankruptcy Rule 7016-1 and despite multiple warnings from the Court. Plaintiff has failed to show that complying with this Rule was outside his control. *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003); *Alonzo*, *supra.*

Turning now to the first of the *Malone* factors, Plaintiff's total and complete failure to comply with Local Bankruptcy Rule 7016-1 created, in the Court's estimation, a delay of approximately four to six weeks.  This is approximately the amount of time that the Court would have allowed for a continued pretrial conference.  This is not a major delay, but it is <u>some</u> delay, and therefore this factor goes against Plaintiff in a minor way.

The second *Malone* factor requires the Court to consider the effect on its own docket.  In applying this factor, the Court notes that the close link between uniformity and justice requires the Court to consider the effect of relaxing its insistence on strict compliance with Local Bankruptcy Rule 7016-1 not only with respect to this case but also with respect to all pretrial conferences that come before it.  The Court cannot be put in the position of enforcing compliance strictly in the case of *A v. B* but leniently in the case of *C v. D* where the underlying factual circumstances of noncompliance are essentially the same.  Proceeding from these premises, it is clear that a relaxed and cavalier attitude toward enforcement of Local Bankruptcy Rule 7016-1 would contribute in a material way to the clogging up of the Court's docket because material noncompliance with this Rule is fairly common (despite the Court's practice of giving the warning twice in each case, once orally at the status conference and a second time in writing in the scheduling order).  Phrased differently, the Court would be conducting two pretrial conferences instead of one in many of the cases that come before it.  This factor strongly goes against Plaintiff.

The prejudice to Defendant is a delay in Defendant's fresh start, one of the key purposes of a chapter 7 proceeding.  As discussed above, this delay amounts to about four to six weeks.  Although a four to six week delay is not a major delay, it is nonetheless some delay and therefore this factor goes against Plaintiff in a minor way.

The fourth factor is the policy in favor of deciding cases on their merits.  The United States Court of Appeals for the Ninth Circuit has held that this factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Allen v. Bayer Corp. (In*

*re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006); *Alonzo, supra.* This is a clear case where it was Plaintiff's responsibility to move the case toward resolution and where his own delinquent conduct in complying with Court rules has impeded progress in that direction. Accordingly, the fourth factor favors Plaintiff either not at all or, at best, in a very minor way ("little support").

The fifth factor relates to the availability of alternative sanctions. Of course, alternative sanctions short of dismissal are always available, but the real question is whether such alternative, lesser sanctions are appropriate, wise and proper. The Court believes that if it were to routinely penalize total and complete noncompliance with provisions of Local Bankruptcy Rule 7016-1 relating to pretrial conferences with merely a monetary sanction, such sanction would come to be viewed as (and, in truth, would end up constituting) a mere toll charge. In other words, parties would be free to pick and choose what portion, if any, of Rule 7016-1 they wished to comply with, knowing that the worst that would happen to them is that they would be required to pay a toll charge in the form of a monetary sanction for this privilege. It is very unlikely the drafters of Rule 7016-1 viewed compliance as optional, provided a toll charge is paid. This factor strongly goes against Plaintiff.

Weighing the *Malone* factors, two of which are strongly against Plaintiff, two of which go against Plaintiff in a minor way and one of which supports Plaintiff either not at all or only in a minor way, the Court has little difficulty concluding that the balance tilts strongly against Plaintiff and that judgment of dismissal is an entirely appropriate and even needful sanction in this case.

There is no manifest injustice here. The bottom line for the Court is that it warned Plaintiff not once, but twice, about the need to comply with the Local Bankruptcy Rules relating to pretrial conferences and the consequences of noncompliance. In the face of these quite explicit warnings, Plaintiff neglected to comply and now must face the consequences of a careless and cavalier attitude toward compliance with key Court rules. If rules mean anything, the end result of dismissal is entirely justified in this case.

Plaintiff argues in his reply that Defendant also violated the Local Bankruptcy Rules by failing to lodge a unilateral proposed pretrial stipulation following Plaintiff's default in compliance.  LBR 7016-1(d).  Plaintiff cites the Court to no authority for the proposition that one party's violation of Local Bankruptcy Rule 7016-1 excuses another party's violation of Local Bankruptcy Rule 7016-1.  The Court notes that it was Plaintiff who commenced this adversary proceeding by filing the complaint and it is Plaintiff who has the duty to prosecute it diligently and move the case along.  Under these circumstances, the Court believes the termination sanction should fall on the Plaintiff, not the Defendant.  Were the Court to excuse noncompliance for all parties, the burden of noncompliance essentially then would shift to the Court, which would be put in the position of routinely allowing do-overs to the serious detriment of its own docket.

The Motion is denied with prejudice.

**IT IS SO ORDERED.**

###

Date: November 10, 2016

Mark S. Wallace
United States Bankruptcy Judge